IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES E. DAVIS, :
:
    Plaintiff, :
:
v. : Civil Action No.
: 1:12-CV-02406-TWT-JCF
DEPARTMENT OF CHILD YOUNG :
FAMILY SERVICES RHODE ISLAND, :
D. FRANCES, VINCENT MICATEER, :
STEVEN BROWN, and PETER :
GEFUALDI, :
:
    Defendants :

## ORDER and FINAL REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, seeks to file this action (*see* Compl. attach. to Doc. 1)[1] without prepayment of fees or security pursuant to 28 U.S.C. § 1915(a). After consideration of Plaintiff's affidavit in support of his request to proceed *in forma pauperis* (Doc. 1), the Court **GRANTS** Plaintiff's request pursuant to 28 U.S.C. § 1915(a). However, because venue does not lie in the Northern District of Georgia, and Plaintiff's Complaint fails to state a claim on

---

[1] Plaintiff's Complaint is titled "Title VII Complaint," which indicates that he brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). However, Title VII governs discrimination in employment, which is not at issue in this case. Therefore, the Clerk has classified Plaintiff's Complaint as being brought pursuant to 42 U.S.C. § 1981, which generally prohibits race discrimination.

which relief may be granted, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Because Plaintiff is proceeding *pro se*, however, his Complaint, " 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that his son informed him that his mother's boyfriend beats him and refers to him in a racially derogative manner, so Plaintiff reported the abuse and racial remarks to the Rhode Island "Department Child Young and Family Services" in Providence, Rhode Island, and he provided the agency with evidence, including recordings, that support his allegations. (Compl. attach. to Doc. 1 at 1-2). Plaintiff alleges that Department employees refused to investigate properly his allegations, that "DCYF employees are violating state laws, civil rights and constitutional rights of Plaintiff and his son," and that his "son's life is in danger, due to this discrimination of DCYF employee[]s." (*Id.* at 2).

The Court finds that Plaintiff's Complaint should be dismissed because venue in this District is improper. Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). All of Defendants identified in this action are in Rhode Island, not in the Northern District of Georgia, and the events described by Plaintiff in his Complaint appear to have occurred in Rhode Island; therefore, venue does not lie in this District. "When a complaint is filed in a court without proper venue, that court has the discretion, pursuant to 28 U.S.C. § 1406(a), either to dismiss, or if it be in the interest of justice, to transfer the case to

a court that has jurisdiction." *Runyon v. Kilpatrick*, No. 5:05-cv-290(CAR), 2005 U.S. Dist. LEXIS 43386, at *3-4 (M.D. Ga. Aug. 25, 2005). Here, the interests of justice would not be served by transferring this case to the District of Rhode Island because Plaintiff has failed to state a claim on which relief may be granted. Even taking his *pro se* status into account, his conclusory allegations of race discrimination by Defendants are insufficient to meet the pleading standards of Rule 8, *Twombly* and *Iqbal*. Plaintiff has not pled facts to support an inference that, by failing to investigate (to Plaintiff's satisfaction) his allegations of abuse and racial remarks directed at the boy by the mother's boyfriend, any Defendant discriminated against *Plaintiff* because of his race, or *violated his* constitutional or civil rights.

The Court does not have before it, and for that reason does not address, whether the alleged failure to investigate the situation in Rhode Island could support a claim by Plaintiff's son (or on his behalf) if such a claim were to be filed in a Court having jurisdiction over the Defendants. The Court considers only the action before it, and the facts in the Complaint plainly do not state a claim for relief *for this Plaintiff* against Defendants. Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**. *See, e.g.*, *Runyon*, 2005 U.S. Dist. LEXIS 43386, at *3-4 (dismissing the plaintiff's complaint filed in the wrong venue and declining to transfer it pursuant to 28 U.S.C. § 1406(a), because there was "no

4

point in transferring plaintiff's case . . . inasmuch as plaintiff has failed to state a claim on which relief may be granted"); *see also Richter v. Meisner*, No. 4:12-cv-217-RH-GRJ, 2012 U.S. Dist. LEXIS 86832, at *3 (N.D. Fla. May 4, 2012) (recommending that case be dismissed for failure to state a claim and for improper venue because "[i]n view of the fact that Plaintiff's allegations state no cognizable basis for exercising federal jurisdiction, transfer of this case would not be in the interests of justice"), *adopted by* 2012 U.S. Dist. LEXIS 86822 (N.D. Fla. June 21, 2012).

### Summary

It is **ORDERED** that Plaintiff's request to proceed *in forma pauperis* (Doc. 1) be **GRANTED**. It is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for improper venue and for failure to state a claim on which relief may be granted.

The Clerk of the Court is **DIRECTED** to terminate referral of this action to the undersigned magistrate judge.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED**, this  11th day of October, 2012.

_____
J. CLAY FULLER
United States Magistrate Judge

5